Cincinnati v. Henkel.

the city and was competent for that purpose. We do not understand under what rule this claim could be upheld. It is the action of one board, on behalf of the city, and it does not appear to be authorized by the contract itself, and on its face shows that it is entirely by way of compromise. There is no finding by the board that the estimate of the engineer was in any way incorrect or improper, but on the contrary it was approved and confirmed by the board and the payment ordered under it, the additional payment being, as shown on its face, to settle an additional claim made by the contractor. If the board had intended to find that more stone had been delivered than were included in the engineer's estimate, they should have so stated, or should have ordered a remeasurement and computation.

The attempt made by the trial judge to limit the effect of this improper evidence in his general charge to the jury does not in our opinion cure the error of its admission.          fff

Judgment below is therefore reversed and cause remanded for a new trial.

**Swing** and **Jones, E. H., JJ.,** concur.

---

## ERROR.

[Hamilton (1st) Court of Appeals, June 3, 1914.]

Swing, Jones and Jones, JJ.

EMMA E. HARDING v. C., C. & ST. L. RY.

**Statute Limiting Time for Bringing Proceedings to Seventy Days Applies to Cases in Which Judgment Has Been Rendered Since the Law Went Into Effect.**

A proceeding in error is an independent action, and jurisdiction in such a proceeding is not acquired under the present statute, in a case in which it is sought to reverse a judgment rendered since the law went into effect, unless commenced within seventy days after the entering of such judgment.

[Syllabus by the court.]

MOTION to dismiss petition in error.

*Geo. W. Harding,* for plaintiff in error.

*Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

## SWING, J.

This is an action from the court of common pleas, brought in this court on March 4, 1914. It was heard in this court on motion to strike the petition from the files for the reason that it was not brought within the time limited by the statute for the filing of petitions in error. Trial was had in the court of common pleas on October 21, 1913. A verdict was rendered for defendant on October 23, 1913, and judgment entered on the verdict November 17, 1913.

On May 9, 1913, the legislature amended Sec. 12270, G. C. so as to read as follows:

"No proceeding to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of; or in case the person entitled to such proceedings is an infant, a person of unsound mind, or imprisoned, within seventy days exclusive of the time of such disability."

The section before it was amended provided four months as the time within which such action might be brought. The question presented to us therefore is whether the old or the amended section applies.

The present law applies by the force of the words of the statute, unless Sec. 26 of the general provision of the statutes exempts it from the operation of the amended law. This section reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment is related to the remedy it shall not affect pending actions, prosecutions or proceedings unless so expressed, nor shall any repeal or amendment, affect causes of such action, prosecution or proceedings existing at the time of such amend-

Harding v. Railway.

ment or repeal, unless otherwise expressly provided in the amending or repealing action."

The law of May 9, 1913, by force of law went into effect ninety days from that time, August 8, 1913. The action of Harding against the railway company was pending at the time of the passage of the act, and of course was pending in the court of common pleas at time the law went into effect. Whether or not this act is saved by this general provision of the code must be determined.

The action pending in this court was pending in the court of common pleas when the act of May 9, 1913, went into effect.

The Supreme Court in the case of *Charles* v. *Fawley*, 71 Ohio St. 50, 54 [72 N. E. Rep. 294], in the opinion of the court, speaking of proceedings in error, said:

"Such proceedings recognize the termination of the original case. To institute them it is required that a petition in error be filed in the reviewing court, and to acquire jurisdiction of the person of the adverse party there must be the issuance and service of summons; whereas, the steps necessary to effect an appeal are taken in the court having jurisdiction in the original action and the adversary party is bound thereby without summons. An obvious analogy is found in the doctrine of *lis pendens* where the distinction between appeals and proceedings in error, in this respect, is recognized. The property which is the subject of a suit is bound by its event not only while the case is pending in the court of first resort, but also while it is pending in a court to which it may be taken by appeal; but where a review of the judgment is sought by proceedings in error, the suit is regarded as ended by the judgment of the court of first resort. This distinction was recognized in *Ludlow* v. *Kidd*, 3 Ohio 541, where Sherman, J., speaks of an appeal as a proceeding in the original cause, and concludes that its effect is to continue the cause and suspend the decree of the inferior tribunal until the judgment of the tribunal to which the appeal is taken."

We have carefully gone over the cases cited by counsel in argument, as well as others that we have found, in the Supreme

Court and circuit courts, especially the case in *Hays* v. *Park,. Co.*, 24 O. C. C. 354 (1 N. S. 101), and the case in *Oskamp, In re,* 49 Bull. 568 (1 N. P. N. S. 195), and have arrived at the conclusion that the proceeding in error is an independent action, and that the statute limiting the time in which such proceeding may be brought, to seventy days, applies in a case where a judgment was rendered after that law went into effect and which judgment is sought to be reversed in a proceeding in error, which is the case here, this action in this court having been brought 107 days after the rendition of the judgment in the court below. The judgment of the court of common pleas was rendered after the law of 1913 went into effect, and it must apply.

We think the motion was well taken, and the petition is therefore stricken from the docket.

**Jones** and **Jones, JJ.,** concur.